UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| |
|---|
| Charles Steed<br><br>               Plaintiff,<br><br>    -against-<br><br>The City of New York, Jonathan Adams, in his individual capacity, John Does 1 and 2, each in his individual capacity,<br><br>              Defendants |

ECF CASE

COMPLAINT AND DEMAND
FOR JURY TRIAL

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 12 2012 ★
BROOKLYN OFFICE

CV-12-1799

KUNTZ, J.
ORENSTEIN, M.J.

## PRELIMINARY STATEMENT

1.     This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

## JURISDICTION

2.     This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3.     Jurisdiction is conferred on the Court by 28 U.S.C. §§ 1331, 1343(3) and (4).

## VENUE

4.     Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to the claim occurred in the Eastern District of New York.

**JURY DEMAND**

5.     The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

**PARTIES**

6.     Plaintiff CHARLES STEED is a resident of the Ravenswood Houses in Long Island City, New York. He will be graduating from Pace University in May, 2012 with a bachelor's degree in finance. He is currently employed by the Con Edison Company of New York as a general utility worker.

7.     Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8.     The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9.     At all relevant times herein, defendants JONATHAN ADAMS and JOHN

DOES 1 and 2 (collectively, the "Individual Defendants") were employed by the NYPD and was acting in the capacity of agent, servant, and employee of the City.

10. At all relevant time herein, Officer Adams held the rank of police officer.

11. At all relevant times herein, the individual defendants were police officers employed by the NYPD and each was acting in the capacity of agent, servant, and employee of the City.

12. Plaintiff is unable to determine the actual names of John Does 1 and 2 at this time and thus sues them under fictitious names.

13. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The individual defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

14. The Individual Defendants are sued in their individual capacities.

## STATEMENT OF FACTS

15. At approximately 11:30 PM on July 16, 2011, plaintiff Charles Steed was walking to his home in the Ravenswood Houses in Long Island City, New York.

16. There were scores of NYPD officers in the area, on foot and in vehicles, who

were telling people to disperse and making arrests.

17. Mr. Steed was on 35th Avenue between 12th Street and 21st Street when two NYPD officers in an NYPD van, one of whom was defendant Adams, looked at him and pointed. One of the officers then rolled down his window and told Mr. Steed that he was "getting arrested tonight."

18. Mr. Steed then crossed the street to where he saw a friend, Savone Willis, with whom he began to speak.

19. The same two police officers then approached Mr. Steed on foot. A supervisor, who was also on foot, directed the other officers to arrest Mr. Steed.

20. Defendant Adams placed Mr. Steed under arrest, handcuffing him behind his back.

21. Mr. Steed was placed in the van and driven to the NYPD's 114th Precinct.

22. From the precinct, Mr. Steed was brought to Queens Central Booking.

23. Mr. Steed was charged by way of misdemeanor complaint with Resisting Arrest and Disorderly Conduct based on the allegation that on or about July 16, 2011, at about 11:33 PM, at the southeast intersection of 21st Street and 35th Avenue in Queens, New York, Officer Adams "observed [Mr. Steed] congregate with other persons in a public place and refuse[] to comply with a lawful order of police to disperse which did cause[] public inconvenience by causing a crowd to gather in response to [Mr. Steed's] actions . . . [and that Mr. Steed] intentionally attempted to prevent [Officer Adams] from arresting him by flaring

[*sic*] his arms when being handcuffed."

24. After approximately 20 hours in police custody, Mr. Steed was finally released on his own recognizance.

25. On or about August 9, 2011, the case against Mr. Steed was adjourned in contemplation of dismissal.

26. On or about February 9, 2011, the case against Mr. Steed was dismissed and sealed.

27. At no time on the evening of July 16, 2011, did Mr. Steed refuse to comply with any lawful order or cause a crowd to gather in response to his actions.

28. At no time on the evening of July 16, 2011, did Mr. Steed prevent Officer Adams or any other officer from lawfully arresting him.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the Individual Defendants

29. All other paragraphs herein are incorporated by reference as though fully set forth.

30. By assaulting, arresting, detaining and charging Plaintiff, the individual defendants engaged under color of law in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable searches and seizures.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

31. All other paragraphs herein are incorporated by reference as though fully set forth.

32. Municipal liability for the violations of Plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

33. At all times material to this complaint, the defendant City, acting through the NYPD and the individual defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

34. At all times material to this complaint, the defendant City, acting through the NYPD and the individual defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

## THIRD CAUSE OF ACTION
### Pendant State Law Claim
### for False Arrest

35. All other paragraphs herein are incorporated by reference as though fully set forth.

36. By the actions described above, the individual defendants jointly and severally, violated Plaintiff's rights under New York law to be free from false arrest and imprisonment,

as a direct and proximate result of which the Plaintiff suffered the loss of physical liberty.

WHEREFORE, the plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to Plaintiff against the defendants, jointly and severally;

3. Award Plaintiff reasonable costs, disbursements and attorney's fees; and

4. Grant any other relief the court deems appropriate.

Dated: New York, New York
April 12, 2012

>Respectfully submitted,
>
>Darius Wadia, L.L.C.
>
>By: Darius Wadia (DW8679)
>Attorney for Plaintiff
>233 Broadway, Suite 2208
>New York, New York 10279
>(212) 233-1212/1216
>dwadia@wadialaw.com